**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER CLOUD,

      Petitioner-Appellant,

v.

HOYT BRILL and THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents-Appellees.

No. 05-1398

(D.C. No. 05-CV-818 ZLW)
(D. Colo.)

**ORDER**

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

Petitioner Christopher Cloud, a Colorado prisoner appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's dismissal without prejudice of his 28 U.S.C. § 2254 habeas petition. Because Cloud has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

I.

On October 31, 1995, Cloud pled guilty in the District Court of Delta County, Colorado (the state trial court), to one count of first-degree burglary. On December 18, 1995, the state trial court sentenced Cloud to imprisonment for fourteen years in the

custody of the Colorado Department of Corrections (CDOC), but suspended that sentence on the condition that Cloud successfully complete four years in Colorado's Youth Offender System (YOS). Cloud did not appeal his conviction or sentence.

On June 11, 1999, the state trial court revoked Cloud's YOS sentence, due apparently to Cloud's arrest on criminal violations, and sentenced Cloud to imprisonment for fourteen years in the custody of the CDOC. Although Cloud was present during the June 11, 1999 hearing, he was not represented by counsel. Cloud did not appeal the state trial court's decision.

On May 21, 2004, Cloud filed with the state trial court a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(a). In his motion, Cloud alleged that he was deprived of his right to counsel during the June 11, 1999 revocation and resentencing hearing. The State filed a response confessing Cloud's motion. The state trial court appointed counsel to represent Cloud and, on January 12, 2005, vacated the fourteen-year sentence imposed on June 11, 1999, and resentenced Cloud to imprisonment for fourteen years in the custody of the CDOC. Cloud did not appeal the state trial court's decision.

On March 16, 2005, Cloud filed a petition for writ of habeas corpus with the Colorado Supreme Court. In his petition, Cloud alleged that the state trial court violated his due process rights when it revoked his YOS sentence and resentenced him in June 1999, and again on January 12, 2005, when it resentenced him for a second time. The Colorado Supreme Court summarily denied Cloud's petition on March 22, 2005.

On May 3, 2005, Cloud filed his federal habeas petition. Cloud's petition alleged

that (1) the state trial court violated his right to procedural due process "by imposing the previously suspended sentence without a[n] [evidentiary] hearing on June 11, 1999," ROA, Pet. at 5, (2) he was denied the right to counsel during the June 11, 1999 revocation hearing, (3) the state trial court lacked jurisdiction to resentence him at the time of the January 12, 2005 hearing, and (4) the state trial court violated his due process rights at the time of the January 12, 2005 hearing by admitting and relying upon evidence from John Coffey, a Colorado Department of Corrections employee who had supervisory responsibility over Cloud when Cloud was serving his YOS sentence. On July 19, 2005, the district court dismissed Cloud's petition without prejudice for failure to exhaust state court remedies.

## II.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner

-3-

should be allowed to proceed further." Id.

Under 28 U.S.C. § 2254(b)(1)(A), federal courts may not grant an application for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has "give[n] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Here, Cloud has not given the Colorado state courts such an opportunity. As noted, Cloud failed to directly appeal following either of his resentencing proceedings. The only time that Cloud attempted to present any issues to the Colorado Supreme Court was in March 2005 when he filed directly with that court a petition for writ of habeas corpus raising only a portion of the issues he subsequently asserted in his federal habeas petition. Given these circumstances, we agree with the district court that Cloud has failed to exhaust his state court remedies.

The request for a COA is DENIED, the request to proceed in forma pauperis on appeal is DENIED, and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-4-